**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**WEST VIRGINIA RIVERS COALITION, INC., and 350.org,**

**Plaintiffs,**

**v.**

**Case No. 2:26-cv-00679**
**Hon. Joseph R. Goodwin**

**JOHN B. McCUSKEY, in his official capacity as Attorney General of the State of West Virginia,**

**Defendant.**

**DEFENDANT'S MOTION FOR AN ABEYANCE**

The Defendant, John B. McCuskey, Attorney General of West Virginia, respectfully asks that this Court hold in abeyance Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF 2) and the related hearing, currently scheduled for October 29, 2026 (ECF 6) to facilitate discussion—in the form of a "meet-and-confer"—that could obviate the need for continued litigation. In support of this motion, Attorney General McCuskey declares the following:

- Exercising the investigatory authority provided by the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-7-104, Attorney General McCuskey caused investigatory subpoenas directed to Plaintiffs to be issued on September 16, 2026. *See* (ECF 1-1).
- The response deadline set forth in those subpoenas was November 2, 2026. *Id*.
- On October 22, 2026 Plaintiffs filed this lawsuit and the pending motion seeking emergency relief. (ECF 1).
- Excepting a brief courtesy phone call on the morning they filed, prior to initiating their lawsuit Plaintiffs made no effort to reach out to the Attorney General's Office regarding the investigatory subpoenas.

- Plaintiffs did not, for example, request additional time to comply or request that the subpoenas be modified or narrowed.
- Other recipients of similar investigatory subpoenas have contacted the Attorney General's Office seeking additional time to comply or other relief. *See* Ex. A (ECF 9-1).
- After conferral, the Attorney General's Office has granted such requests. *Id.*
- This Court has set a response deadline to Plaintiffs' request for a temporary restraining order of October 26 by 3:00 PM. (ECF 6). Any reply to that response is due the next day. *Id.* A hearing is also set for October 29. *Id.*
- On October 23, 2026, the Attorney General's Office contacted Plaintiffs' counsel via email and proposed suspending the November 2, 2026 response deadline to allow the parties time to participate in a "meet-and-confer." *See* Ex. B (ECF 9-2).
- Plaintiffs have indicated that they intend to oppose this motion.
- Although Plaintiffs' motion is not styled as a motion for a protective order it is, at least in some respects, analogous to a request for one.
- The Federal Rules of Civil Procedure make engaging in a meet-and-confer a prerequisite to obtaining a protective order. *See* Fed. R. Civ. 26(c). The Local Rules of this District impose a similar obligation. *See* L. R. Civ. P. 37.1(d); *see also, e.g.*, *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 525 (S.D.W. Va. 2007).
- Under the Attorney General's proposal, Plaintiffs' deadline to respond to the investigatory subpoenas would be suspended indefinitely to facilitate discussions about a new response deadline, the subpoena's scope, and any other concerns Plaintiffs may express.
- Additionally, Plaintiffs' motion seeking emergency relief would be held in abeyance while the parties undertake good-faith efforts to reach a mutually agreeable framework regarding the subpoenas.
- If those good-faith efforts fail, the parties can inform the Court and litigation can resume.
- Holding Plaintiffs' motion in abeyance pending the completion of a meet-and-confer would serve the interests of judicial economy. The Court would, at a minimum, avoid any need to act in an expedited fashion. A successful meet-and-confer might result in the parties reaching a resolution, which would preclude any need for the Court to further act. And, in the event the litigation continues, the Court would benefit both from additional time to craft its ruling and the receipt of more fully developed briefing from the parties.

WHEREFORE, for these reasons, Attorney General McCuskey respectfully requests that this Court hold Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF 2), as well as all related briefing deadlines and the hearing on the motion currently scheduled for October 29, 2026, *see* (ECF 6) in abeyance.

Attorney General McCuskey will immediately and indefinitely suspend the November 2, 2026 response deadline associated with the investigatory subpoenas pending completion of the meet-and-confer process. The Attorney General's Office will also promptly engage with Plaintiffs' counsel to arrange to meet and confer. If necessary, in the event a satisfactory arrangement cannot be reached after completion of the conferral, either party can request in writing that this Court lift the abeyance and set a new briefing schedule for resolution of Plaintiffs' pending motion and any additional litigation as may be required.

Dated: October 23, 2026

Respectfully submitted,

**JOHN B. MCCUSKEY,**
**in his official capacity**
**as Attorney General**
**of West Virginia**

**By counsel,**

/s/ Zachary A. Viglianco

Zachary A. Viglianco (WVSB No. 12579)
*Director of Strategic Litigation*

State Capitol Complex
1900 Kanawha Blvd, East
Office of the Attorney General
Charleston, WV 25314
Telephone: (304) 558-2021
zviglianco@wvago.gov

Ryan McCune Donovan (WVSB No. 11660)
*Special Assistant Attorney General*

Hissam Forman Donovan Ritchie PLLC
700 Virginia St. East, Suite 210
Charleston, WV 25301
Telephone: (681) 265-3802
rdonovan@hfdrlaw.com