**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**WEST VIRGINIA RIVERS COALITION, INC., and 350.org,**

**Plaintiffs,**

**v.** **Civil Action No. 2:26-cv-00679**

**JOHN B. MCCUSKEY, in his official capacity as Attorney General of the State of West Virginia,**

**Defendant.**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR AN ABEYANCE**

As Chief Justice Roberts has explained, "a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013). That is why a defendant's voluntary cessation does not end a case. Defendant offers much less than cessation and asks for nearly as much as mootness: he will keep investigating Plaintiffs, pause the one date on the calendar, and on that basis asks the Court to hold Plaintiffs' motion, the schedule the Court entered yesterday, and the October 29 hearing in abeyance indefinitely. ECF No. 9 at 3; ECF No. 6. The Court should deny the motion.

**1. The investigation is the harm, not the deadline.** Plaintiffs' motion (ECF No. 2) seeks to enjoin the Attorney General's retaliatory investigation of their advocacy, not to move a production date. Under Defendant's proposal, the investigation continues. So does its attendant injury: Plaintiffs, their members, and their donors remain the subjects of a state law-enforcement inquiry into their speech and associations, with a demand for records that Defendant may reinstate whenever he chooses. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably

constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976) (plurality opinion). Suspending a deadline does not shorten that period by a day.

**2. A revocable promise is not relief.** The suspension is unilateral and ends when Defendant says it ends; by his own account, "litigation can resume" at any party's election—even his. And under his proposal, it resumes under "a new briefing schedule." ECF No. 9 at 3. Defendant loses nothing; Plaintiffs lose the schedule the Court set to hear their request for an order protecting them from ongoing injuries to their constitutional rights.

A defendant who retains the power to resume is "free to return to his old ways," which is why voluntary cessation does not moot a claim for injunctive relief. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000); Wall v. Wade, 741 F.3d 492, 497 (4th Cir. 2014). Plaintiffs are entitled to an order of this Court, not Defendant's attempt at forbearance.

A recent case involving a different member of the Republican Attorneys General Association shows why. In Jolt Initiative, Inc. v. Paxton, the Texas Attorney General withdrew his investigative demand, gave written assurance he would not reissue it, and settled a federal case. 821 F.Supp.3d 706, 723 (W.D. Tex. 2026). The day that case closed, he filed a quo warranto action in state court to revoke the plaintiff's charter. Id. The federal court had to enjoin the state proceeding. Id. at 727.

**3. The proposed meet-and-confer cannot resolve this case.** Defendant's motion assumes that negotiation over the scope of the subpoenas might make this litigation unnecessary. It cannot. This is not a discovery dispute. This is a civil rights case about an abuse of power by the Chief Legal Officer of the State of West Virginia. Plaintiffs challenge the investigation itself as retaliation for protected speech, not the breadth of a document demand. Plaintiffs did not ask Defendant for more time or a narrower demand, ECF No. 9 at 2, because neither is the relief they seek. They do not look to negotiate the scope of Defendant's violation of their First and Fourth Amendments; they seek to stop it. A retaliatory investigation does not become lawful by asking for fewer documents. Reporting

last night states that Defendant withdrew the materially identical subpoena he issued to the Sierra Club. Ex. 1. That is more than he offers Plaintiffs, and even that would leave an investigation and the injuries it causes in place. Narrowing would leave both exactly where they are. Defendant's own exhibit confirms it: conferral with his office produced new deadlines for two other recipients, ECF No. 9-1 at 2, 5, and both remain under investigation and subpoena.[1]

That is also why Defendant's tortured analogy to a protective order fails. Rule 26(c) and Local Rule 37.1 govern discovery between litigants in this Court, and the case Defendant cites was such a dispute. The subpoenas here are not discovery in this action (or any other judicial proceeding); they are just one manifestation of the state actions Plaintiffs challenge: wholly illegitimate investigations. No rule requires the target of a retaliatory investigation to negotiate its terms before seeking relief under § 1983. Rule 65 requires notice, and Plaintiffs gave it. ECF No. 9 at 1.

Indeed, turning a § 1983 injunction request into a request for a protective order would violate the purpose of the statute—"Congress enacted that provision with the express goal of ensuring a federal forum to citizens who claim that state actors have violated their constitutional rights. And federal courts have a 'virtually unflagging' obligation to exercise the jurisdiction given them." First Choice Women's Res. Centers, Inc. v. Davenport, 608 U.S. 174, 191–92 (2026) (citations omitted). Plaintiffs are utilizing § 1983 as Congress intended and as many other groups have done when faced with pretextual subpoenas. See, e.g., Media Matters for Am. v. Paxton, 732 F.Supp.3d 1, 8, 27–30

[1] In fact, Defendant's attempt to show that he was being reasonable with other groups he had subpoenaed is only further evidence that he is abusing his powers. Defendant already violated W. Va. Code § 46A-7-104(1) by issuing subpoenas to Plaintiffs without probable cause of any violation of the West Virginia Consumer Credit and Protection Act. In this attempt to buy more time, the Attorney General proceeded to violate W. Va. Code § 46A-7-104(4), which prohibits him from making public the names of those he is investigating. Exhibit 1 to his motion includes the unredacted names of two groups he is investigating. The West Virginia Attorney General is reckless when it comes to the bounds of his authority, which shows why Plaintiffs' request for a temporary restraining order is all the more pressing.

(D.D.C. 2024), aff'd, 138 F.4th 563 (D.C. Cir. 2025); Exodus Refugee Immigr., Inc. v. Rokita, No. 1:25-CV-01885, 2026 WL 2249397 (S.D. Ind. Aug. 5, 2026), appeal docketed, No. 26-2811 (7th Cir. Sept. 2, 2026).

**4. There is no good cause.** Rule 6(b)(1)(A) requires it. Defendant's motion does not cite the rule, does not say he cannot respond by Monday, and identifies no hardship. What he offers instead is his biased view of "judicial economy": the Court would "avoid any need to act in an expedited fashion" and gain "additional time to craft its ruling." ECF No. 9 at 2. The Court set its schedule yesterday with the motion in hand and its knowledge of its own resources. Good cause requires a showing that a deadline cannot reasonably be met despite diligence, Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (unpublished), and this Court has held that a "conclusory statement that the case is 'complicated' is not a showing of good cause." W. Va. Rivers Coalition, Inc. v. Chemours Co. FC, LLC, No. 2:24-cv-00701, ECF No. 11, at 1 (S.D. W. Va. Feb. 28, 2025). Defendant does not even say that. Nothing prevents him from negotiating and briefing at the same time; he issued these subpoenas and can defend them on the schedule the Court set. And the party asking a court to defer proceedings must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay … will work damage to some one else." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). Defendant has shown no hardship and a stay would work damage to Plaintiffs' constitutional rights for the reasons discussed herein. An indefinite abeyance on Defendant's say-so is the kind of "immoderate" delay Landis forbids. Id. at 257.

**5. If the Court extends the schedule, it should first rule on Plaintiffs' request for a temporary restraining order.** That request is pending. Rule 65(b)(1) permits the Court to grant it on the papers before it, which supply specific facts showing immediate and irreparable injury. Defendant's representation that he will suspend the subpoenas' response deadline disposes of any claim of hardship

on his part as to that part of the relief. As to the rest, he has identified no interest that an interim order would impair. What he asks for instead is an abeyance that leaves the interim to his discretion.

* * *

Plaintiffs will negotiate an end to Defendant's abuse of power at any time. They will not leave their constitutional claims in abeyance while the investigation that prompted them continues. Nothing in Defendant's motion stops the investigation. Only an order will, and this Court should retain the current schedule and consider arguments on that next week.

Dated: October 23, 2026

Respectfully submitted,

***s/ Derek Teaney***

DEREK TEANEY (WVBN 10223)
AMANDA DEMMERLE (WVBN 13930)
APPALACHIAN MOUNTAIN ADVOCATES, INC.
P.O. Box 507
Lewisburg, WV 24901
Telephone: (304) 646-1182
Email: dteaney@appalmad.org
ademmerle@appalmad.org

Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**WEST VIRGINIA RIVERS COALITION, INC.,**
**and 350.org,**

**Plaintiffs,**

**v.** **Civil Action No. 2:26-cv-00679**

**JOHN B. MCCUSKEY, in his official capacity as**
**Attorney General of the State of West Virginia,**

**Defendant.**

## CERTIFICATE OF SERVICE

I, Derek O. Teaney, do hereby certify that, on October 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which will notify the following participants:

Zachary A. Viglianco
Director of Strategic Litigation
Office of the Attorney General of West Virginia
State Capitol Complex
1900 Kanawha Blvd., East
Charleston, WV 25314
zviglianco@wvago.gov

**/s/ Derek O. Teaney**
**DEREK O. TEANEY (WVBN 10223)**