**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

WEST VIRGINIA RIVERS COALITION, INC., and

350.ORG,

Plaintiffs,

v. CIVIL ACTION NO. 2:26-cv-00679

JOHN B MCCUSKEY,
*In his official capacity as Attorney General*
*of the State of West Virginia*

Defendant.

**ORDER**

On October 22, 2026, the court ordered Defendant Attorney General McCuskey ("AG McCuskey") to respond to Plaintiffs' Motion for a Temporary Restraining Order no later than October 26, 2026, at 3:00 p.m. Any reply must be filed no later than October 27, 2026, at 3:00 p.m. The court also scheduled a hearing on the motion for a temporary restraining order ("TRO") for October 29, 2026, at 1:00 p.m. in Charleston, West Virginia.

Pending now is a Motion for an Abeyance, filed by AG McCuskey, [ECF No. 9]. AG McCuskey moves to hold in abeyance the TRO briefing schedule and hearing so that the parties may "meet-and-confer" and "obviate the need for continued litigation." *Id.* Plaintiffs West Virginia Rivers Coalition, Inc. ("WVRC") and 350.org oppose the motion. [ECF No. 10]. For the following reasons, the motion, [ECF No. 9], is **DENIED**.

The court has inherent discretionary power to stay proceedings in their entirety in order to achieve equity and to ensure efficient management of its docket. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Proper use of this authority requires the court to exercise its judgment "to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket*.*" *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977).

AG McCuskey's motion is unpersuasive. His offer to meet-and-confer with the Plaintiffs is commendable, but it fails to actually address Plaintiffs' Complaint or Motion for a TRO. It is true that Plaintiffs challenge the scope of the subpoenas, something AG McCuskey appears willing to negotiate. But Plaintiffs also challenge the subpoenas themselves as retaliatory and violative of the First Amendment. *See* [ECF No. 1]. A meet-and-confer to narrow the scope of the subpoenas, in lieu of litigating this issue, prejudices the Plaintiffs in two ways. First, it circumvents this court's review of the subpoena themselves. It sanctions the actions without any court review. Second, an abeyance fails to address the ongoing investigation of Plaintiffs. Plaintiffs' alleged injuries stem from both. In any event, the subpoenas remain looming over the Plaintiffs, and an abeyance of the briefing schedule and hearing would preserve this state action and the related alleged injuries. "'[T]he value of a sword of Damocles is that it hangs—not that it drops.'" *First Choice Women's Resource Centers, Inc. v. Davenport*, 608 U.S. 174, 192 (2026) (quoting *Arnett v. Kennedy*, 416 U.S. 123, 231 (1974) (Marshall, J., dissenting)).

An abeyance is also inapposite to the purpose and mechanics of a motion for a TRO and preliminary injunction. *See* Fed. R. Civ. P. 65. The Federal Rule is naturally expeditious. An issued TRO must be filed "promptly" in the clerk's office. Fed. R. Civ. P. 65(b)(2). A TRO may only last 14 days, and the court can either extend it once, dissolve it, or issue a preliminary injunction. *Id.* And if a TRO is issued, a hearing for a preliminary injunction must be scheduled "at the earliest possible time, taking precedence over all other matters." Fed. R. Civ. P. 65(b)(3).

Further, AG McCuskey offers no other reason to hold Plaintiffs' motion in abeyance. He does not suggest that compliance with the court order is impossible. He has not withdrawn the subpoenas. He cites no scheduling conflict. And his analogy to a protective order does not hold. As explained, Plaintiffs are not *just* challenging the scope of the subpoenas nor is this a discovery dispute. Plaintiffs instead allege constitutional violations stemming from retaliatory actions by AG McCuskey.

A meet-and-confer may be beneficial, but it is insufficient to stay these proceedings. Accordingly, the motion, [ECF No. 9], is **DENIED**. The schedule set in the court's Order of October 22, 2026, [ECF No. 6], remains in effect. If the parties jointly resolve any part of their dispute, they shall promptly notify the court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 25, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE