**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**WEST VIRGINIA RIVERS COALITION, INC.,**
**and 350.org,**

**Plaintiffs,**

**v.** **Civil Action No. 2:26-cv-00679**

**JOHN B. MCCUSKEY, in his official capacity as**
**Attorney General of the State of West Virginia,**

**Defendant.**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ADVANCE THE TRIAL ON THE MERITS AND CONSOLIDATE IT WITH THE HEARING ON THEIR MOTION FOR A PRELIMINARY INJUNCTION**

This case can be decided in one hearing. Whether Defendant is violating Plaintiffs' First and Fourth Amendment rights is largely a question of law and can be decided without discovery. The Court has already analyzed much of that question based on the parties' briefs and oral argument at a TRO hearing. ECF No. 20 at 15–23. Whether Defendant initiated these investigations in retaliation for Plaintiffs' advocacy is a question a question of fact about Defendant's motivation that can be determined from testimony during an injunction hearing. Plaintiffs do not need discovery on that issue; rather, they intend to establish the Attorney General's motive based on his testimony at the hearing.

At the October 29 hearing, Defendant's counsel said that Defendant would need discovery before a ruling on the merits. He did not say of what, from whom, or why, and of course Plaintiffs believe that such discovery would turn into the very fishing expedition that this action was initiated to prevent. The Fourth Circuit does not permit a party to postpone judgment on a conclusory statement but requires a party who wants more time for discovery to identify the necessary facts and explain their importance; a general reference to discovery is not enough. Harrods Ltd. v. Sixty Internet

Domain Names, 302 F.3d 214, 244–46 (4th Cir. 2002). Defendant has not and cannot make such showing.

Plaintiffs ask the Court to advance the trial on the merits, consolidate it with the hearing on the preliminary injunction, and try the case on live testimony before the TRO expires.

**I. Rule 65(a)(2) authorizes the Court to advance the trial on the merits, and the Fourth Circuit has described civil rights cases as especially suited to that procedure.**

Federal Rule of Civil Procedure 65(a)(2) provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." The Rule vests the power with the Court and does not require a party's consent. The Supreme Court has described the Rule as the means by which a court secures an expedited decision on the merits rather than leaving the parties with preliminary findings that bind no one. Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). The Fourth Circuit said the same thing the year after the Rule was adopted: Rule 65(a)(2) "wisely permits" a district court, in an appropriate case, to hear the motion for a preliminary injunction and the merits at the same time; "[c]ivil rights cases are especially suitable for such simultaneous development"; and the court may take that course on its own motion even when no party has asked for it. Singleton v. Anson County Bd. of Educ., 387 F.2d 349, 351 (4th Cir. 1967) (per curiam); accord Gellman v. Maryland, 538 F.2d 603, 604 (4th Cir. 1976) (quoting Singleton, 387 F.2d at 351). Where the outcome on the merits is apparent at the preliminary injunction stage, the better course is to give notice, "merge the stages[,] and enter a final judgment." Curtis 1000, Inc. v. Suess, 24 F.3d 941, 945 (7th Cir. 1994).

This Court has used the Rule in exactly this kind of case. In a § 1983 challenge to a West Virginia ballot-access requirement under the First and Fourteenth Amendments, the complaint and motion for a preliminary injunction were filed September 22, 2000; the Court consolidated the hearing with the trial on the merits on about a week's notice; and the Court entered a declaratory judgment

and permanent injunction against the Secretary of State on November 3, 2000, six weeks after filing. Phillips v. Hechler, 120 F.Supp.2d 587, 587–93 (S.D. W. Va. 2000). The Court found consolidation proper because the question presented was one of law requiring no factual development and the harm was imminent. Id. at 588. In a § 1983 First Amendment challenge to a school dress code, Judge Copenhaver advanced and consolidated the trial under Rule 65(a)(2) and held the bench trial six days after the motion was filed. Bragg v. Swanson, 371 F.Supp.2d 814, 816 (S.D. W. Va. 2005). Both cases involved constitutional claims against state actors; both turned on legal questions applied to a short factual record; both were tried within weeks. Consolidation is particularly appropriate here because "exigent circumstances exist and the granting preliminary injunctive relief will effectively give a party all of the relief it would obtain after trial on the merits." Kickapoo Traditional Tribe of Texas v. Chacon, 46 F. Supp. 2d 644, 648–49 (W.D. Tex. 1999). Plaintiffs continue to suffer irreparable harm each day from Defendants' unconstitutional investigations and seek to enjoin Defendant at both the preliminary and permanent injunction stage. As more fully explained below, the relevant facts are already known or can be easily ascertained without the need for discovery.

Consent is not a prerequisite to consolidation. Singleton approved it on the court's own motion. In Holly Sugar Corp. v. Goshen County Cooperative Beet Growers Ass'n, 725 F.2d 564, 568 (10th Cir. 1984), the district court consolidated during the hearing over one party's objection; the court of appeals held the consolidation "was not prejudicial" because the objecting party could not identify any additional evidence it would have offered. In Isaacson v. Horne, 716 F.3d 1213, 1220 (9th Cir. 2013), the Ninth Circuit found no reversible error in consolidation over a party's advance objection where the dispositive question was one of law. Indeed, district courts have consolidated over the objection of both parties. See TNT Amusements, Inc. v. Torch Elecs., LLC, No. 4:23-cv-330, 2023 WL 5447950, *1 (E.D. Mo. Aug. 24, 2023). And they have done so on short schedules in cases against government officials. For example, in Dellinger v. Bessent, the court entered a temporary restraining

order on February 12, 2025, consolidated the trial with the preliminary injunction hearing on February 15, held the consolidated hearing on February 26, and entered final judgment on March 1. 768 F.Supp.3d 33, 50 (D.D.C. 2025).

The question under the Rule is not whether the opposing party agrees. It is whether the parties have notice and a fair opportunity to present their evidence. Camenisch, 451 U.S. at 395; Pughsley v. 3750 Lake Shore Drive Coop. Bldg., 463 F.2d 1055, 1057 (7th Cir. 1972).

**II. An order on this motion supplies the required notice.**

The Fourth Circuit has reversed consolidated judgments twice, and both times for the same reason: the parties were not told before the hearing that the hearing would be the trial. In Gellman, the district court announced consolidation at the end of the second day of a preliminary injunction hearing, converted an oral motion to dismiss into one for summary judgment, and entered judgment for the defendants before an answer had been filed and while the plaintiff's interrogatories were unanswered. 538 F.2d at 604–06. The court of appeals held that the parties must receive "clear and unambiguous notice" of consolidation "either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases," and that a mid-hearing remark did not qualify. Id. at 604 (quoting Pughsley, 463 F.2d at 1057). In AttorneyFirst, LLC v. Ascension Entertainment, Inc., 144 Fed. Appx. 283 (4th Cir. June 8, 2005) (unpublished), the district court held a two-day preliminary injunction hearing in a commercial dispute with a jury demand and, four months later, entered judgment on the merits under Rule 65(a)(2); the court of appeals reversed because the district court's remark that the preliminary injunction stage would be "the end of the fight" was not clear notice and because consolidation had displaced the jury.

A court order granting the instant Motion would provide the notice that the Rule requires. The Motion asks the Court to enter an order, in advance, stating that the hearing will be the trial on the merits and setting the schedule for it. See Anderson v. Davila, 125 F.3d 148, 157 n.9 (3d Cir. 1997)

(recommending that the court announce its intent to consolidate and take the parties' positions on the record). There is no jury demand; the Complaint seeks declaratory and injunctive relief and fees. ECF No. 1 at 45–46. And the case presents the circumstance in which the Fourth Circuit has reached the merits even without adequate notice: a dispositive question of law on which a remand would produce the same record. aaiPharma Inc. v. Thompson, 296 F.3d 227, 234–35 (4th Cir. 2002).

## III. There is no need for discovery that would bar consolidation.

### A. A party who asks the Court to postpone judgment for discovery must identify the facts he needs and explain why they matter.

The Fourth Circuit applies a consistent rule when a party resists a merits ruling on the ground that it has not had discovery: the party must say what it needs. Under Rule 56(d), the showing is made "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The Fourth Circuit places great weight on that requirement. Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995). A party "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery," and a reference to discovery in a brief "is not an adequate substitute" for the required affidavit. Harrods, 302 F.3d at 244 (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). A court may deny the request where the facts sought "would not by [themselves] create a genuine issue." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014).

The same rule governs consolidation. In Holly Sugar, the party that objected to consolidation could have called additional witnesses or sought a continuance, rested instead, and conceded on appeal that its presentation would not have changed; the court of appeals found no prejudice. 725 F.2d at 568. Gellman is the contrast: there the plaintiff had served interrogatories that were unanswered when judgment was entered against him on a motion he had no notice would be heard. 538 F.2d at 604–06.

The question is not whether a party would like discovery. It is whether the party has identified facts, obtainable only through discovery, that could change the result.

Although Defendant's counsel objected to consolidation at the TRO hearing, asserting that he would like discovery, he has not identified any facts he could discover that would change the results. His counsel's statement at the hearing named no witness, no document, and no fact. His written response, filed after ten days with Plaintiffs' Complaint, declarations, and exhibits in hand, did not assert that any fact was missing. ECF No. 14.

Every claim in the Complaint arises from the same two subpoenas, challenges the same investigations, and turns on one or both of two questions: whether the Constitution protects Plaintiffs' advocacy, and why Defendant initiated the investigations and issued the subpoenas. The first is a question of law. The second is a question only Defendant can answer. Neither requires discovery.

**B. The facts framing the Constitutional questions were supplied by Defendant.**

The first question is whether Defendant can investigate Plaintiffs for their climate change advocacy. The Court answered that question, at least in part for purposes of the temporary restraining order. It held that "trade" and "commerce" are defined "with an advertiser, buyer, seller, or distributor in mind," that Plaintiffs "are not 'in the conduct' of trade or commerce," and that "on these facts, the WVCCPA cannot supply a sufficient government interest." ECF No. 20 at 18, 21. The facts on which that analysis rested are all found in his subpoenas, ECF Nos. 1-1, 1-2, and his description of what he is investigating and why, ECF No. 14 at 3–5, 17–19. Defendant briefed the statutory issue as a question of law, relying on Johnson & Johnson, National Commission on Egg Nutrition, and Minnesota Mining, and the statutory text. ECF No. 14 at 12–17. He did not say that any fact bearing on the statute's reach was unknown to him.

The facts about Plaintiffs that bear on the question are few, and they are already sworn. Plaintiffs are 501(c)(3) organizations; their missions are advocacy and public education; neither sells

services; WV Rivers discontinued its online merchandise store in 2025 and sells small quantities of logo items at events; 350.org's merchandise sales to West Virginia total £32; both solicit charitable contributions. ECF No. 1 ¶¶ 13–33, 88–90. The declarants will testify in open court at the consolidated hearing and will be cross-examined. Whatever Defendant could ask them at a deposition he can ask them when they are on the witness stand. And nothing said in a deposition could alter the definition of "trade or commerce" in W. Va. Code § 46A-6-102(6). Indeed, if discovery from Plaintiffs were permitted, it would constitute just the sort of invasive and constitutionally impermissible inquiry that the instant action was initiated to prevent.

**C. Defendant's reasons for issuing the subpoenas are within his own knowledge.**

The second question is whether Defendant issued the subpoenas because of Plaintiffs' protected speech, association, and petitioning. The Court observed that Plaintiffs "have alleged substantial evidence to support their claim," and "the chasm between the subpoenas' demands and the purported basis for investigation suggests a retaliatory motive." ECF No. 20 at 25–26. The Court reserved judgment on the retaliation claim, because it "concerns the Attorney General's motive," until "he can present evidence at a hearing." Id. at 26.

Once a plaintiff shows that protected activity was a motivating factor in the challenged action, the burden shifts to the defendant to prove by a preponderance of the evidence that he would have taken the same action in its absence. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Martin v. Duffy, 977 F.3d 294, 299–300 (4th Cir. 2020). The evidence that carries that burden is evidence of Defendant's reasons. Defendant has already described them through counsel: "the Attorney General's probable-cause determination rested" on four identified publications of which "the Attorney General is aware." ECF No. 14 at 18. Defendant's reasons for initiating and conducting the investigation are wholly known by Defendant. No deposition of Plaintiffs can supply them, and no document in Plaintiffs' files bears on them.

The evidence on Plaintiffs' side of that question is documentary and public: Defendant's own statements, letters, and press releases, ECF No. 1 ¶¶ 35–64; the text of the subpoenas, their timing, and the absence of any consumer, transaction, or complaint in Defendant's stated basis. Defendant does not need discovery to respond to his own words. He only needs to testify.

**D. Defendant has had, and at the hearing will have, what discovery would give him.**

Plaintiffs presented their case, and the facts upon which it is based, on October 22, 2026: the Complaint, two declarations, and the exhibits on which they rely. ECF Nos. 1, 2-1, 3. Defendant has had those materials since then. Plaintiffs will file their witness and exhibit lists on the schedule the Court sets, will call their declarants to testify in open court, and will make them available for cross-examination. Plaintiff will subpoena witnesses necessary to prove retaliation to testify at the hearing.

**E. Delay is not neutral.**

The injury in this case is the outstanding demand. A subpoena for associational information injures the recipient "when it is made and for as long as it remains outstanding." First Choice Women's Res. Ctrs., Inc. v. Davenport, 608 U.S. 174, 189 (2026). A preliminary injunction does not end that injury; it suspends it. Preliminary relief "do[es] not conclusively resolve legal disputes," Lackey v. Stinnie, 604 U.S. 192, 200 (2025), and findings made on a preliminary record bind no one, Camenisch, 451 U.S. at 395. For Plaintiffs, every week the investigations remain open and the subpoenas remain outstanding is a week of the harm the Court described. ECF No. 20 at 7–8, 24. The only way to end it is a judgment.

## IV. Judicial economy favors consolidation.

There is a "power inherent in every court to control the disposition of the ca[]ses on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Judicial economy favors consolidation here and is consistent with the Federal Rules. Rule 65 provides that, "[e]ven when consolidation is not ordered, evidence that is received on

the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial." Plaintiffs are seeking the same relief at both the preliminary injunction and permanent injunction stage and intend to present and develop the same evidence at both stages. If they have already presented the requisite evidence at an evidentiary hearing to obtain a preliminary injunction, there will be nothing left to present at the final trial on the merits under Rule 65. The same is true for Defendant—any relevant evidence he wants to present or explore can be developed at a consolidated hearing by cross examining Plaintiffs' witnesses and presenting his own evidence and witnesses. With nothing new to present at a final trial on the merits, both principles of judicial economy and Rule 65 favor consolidation.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion, advance the trial on the merits, and consolidate it with a hearing on their motion for a preliminary injunction.

Dated: November 3, 2026

Respectfully submitted,

**/s/ Derek Teaney**

DEREK TEANEY (WVBN 10223)
AMANDA DEMMERLE (WVBN 13930)
APPALACHIAN MOUNTAIN ADVOCATES, INC.
P.O. Box 507
Lewisburg, WV 24901
Telephone: (304) 646-1182
Email: dteaney@appalmad.org
ademmerle@appalmad.org

Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**WEST VIRGINIA RIVERS COALITION, INC., and 350.org,**

**Plaintiffs,**

**v.** **Civil Action No. 2:26-cv-00679**

**JOHN B. MCCUSKEY, in his official capacity as Attorney General of the State of West Virginia,**

**Defendant.**

## CERTIFICATE OF SERVICE

I, Derek O. Teaney, do hereby certify that, on November 3, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which will notify the following participants:

Zachary A. Viglianco
Director of Strategic Litigation
Office of the Attorney General of West Virginia
State Capitol Complex
1900 Kanawha Blvd., East
Charleston, WV 25314
zviglianco@wvago.gov

Ryan McCune Donovan
Hissam Forman Donovan Ritchie PLLC
700 Virginia St. East, Suite 210
Charleston, WV 25301
rdonovan@hfdrlaw.com

**/s/ Derek O. Teaney**
**DEREK O. TEANEY (WVBN 10223)**