**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

WEST VIRGINIA RIVERS COALITION, INC., and

350.ORG,

Plaintiffs,

v. CIVIL ACTION NO. 2:26-cv-00679

JOHN B MCCUSKEY,
*In his official capacity as Attorney General of the State of West Virginia*

Defendant.

# ORDER

Pending before the court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, [ECF No. 2]. On October 29, 2026, following a hearing at which both parties appeared, the court granted a temporary restraining order, [ECF No. 20]. The court now sets a hearing on Plaintiffs' request for a preliminary injunction.

The temporary restraining order is set to expire on November 12, 2026. For good cause, so that the court may hear and decide Plaintiffs' request for a preliminary injunction on a complete record, the court **EXTENDS** the temporary restraining order through **November 26, 2026 at 4:00 p.m.,** or until the court rules on the request for a preliminary injunction, whichever is earlier. Fed. R. Civ. P. 65(b)(2).

The court **ORDERS** as follows:

1. A hearing on Plaintiffs' request for a preliminary injunction is **SCHEDULED** for **November 16, 2026, at 1:00 p.m.** in Charleston, West Virginia. Counsel for both parties shall appear in person.

2. At the hearing, the court will consider whether Plaintiffs are likely to succeed on their claim that the subpoenas' demands for Plaintiffs' associational information violate their First Amendment right to free association,[1] and whether the remaining requirements for a preliminary injunction are met.

3. Plaintiffs shall file, no later than **November 9, 2026,** any supplemental memorandum and any affidavits, declarations, or other evidence on which they rely. Plaintiffs' evidence shall set forth specific facts showing the effect of the subpoenas on Plaintiffs, their donors, their members, and their associations.

4. Defendant shall file, **no later than November 12, 2026**, any memorandum in opposition and any affidavits, declarations, or other evidence on which he relies. Defendant's submission shall identify each state interest he contends the subpoenas' demands serve; the consumer transaction, good or service, or act or practice under investigation; and the facts showing that each demand is substantially related to a sufficiently important government interest—exacting scrutiny.

5. Plaintiffs may file a reply **no later than November 13, 2026.**

6. No later than **November 14, 2026, at 12:00 p.m.**, each party shall file a list of the witnesses it intends to call and the exhibits it intends to offer at the hearing. A party who intends to rely on a declarant's testimony shall make the declarant available for cross-examination at the hearing on request of the opposing party made no later than **November 14, 2026, at 3:00 p.m.**

7. No party shall serve discovery requests in this action without leave of court. Fed. R. Civ. P. 26(d)(1).

8. For now, Plaintiffs' Motion for a Trial on the Merits, [ECF No. 23], is **DENIED without prejudice**. The court, however, intends on expeditiously resolving this case as the questions raised by Plaintiffs' Complaint are questions of constitutional law. The court has already had the opportunity to review evidence related to Plaintiffs' freedom of association claim, and it appears that the claims can be decided as a matter of law. The court expects the filing of Motions for Summary Judgment soon. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

---

[1] As the court did in its previous order, the court will rely on Supreme Court freedom of association jurisprudence as articulated in *NAACP v. Alabama*, 357 U.S. 449 (1958); *Bates v. City of Little Rock*, 361 U.S. 516 (1960); *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 606 (2021); *First Choice Women's Resource Centers, Inc. v. Davenport*, 608 U.S. 174 (2026); and others.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 6, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE