**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

WEST VIRGINIA RIVERS COALITION, INC.,
and 350.ORG,

Plaintiffs,

v.

CIVIL ACTION NO. 2:26-cv-00679
Hon. Joseph R. Goodwin

JOHN B. MCCUSKEY, in his official capacity as Attorney General of the State of West Virginia,

Defendant.

---

**DEFENDANT'S CONSENT TO EXTEND TEMPORARY RESTRAINING ORDER AND UNOPPOSED MOTION TO CONTINUE HEARING AND BRIEFING DEADLINES**

Defendant John B. McCuskey, in his official capacity as Attorney General of the State of West Virginia, respectfully notifies he Court of his consent to extend the temporary restraining order through December 17, 2026, and moves to continue the preliminary injunction hearing and related briefing deadlines set forth in the Court's November 6, 2026 Order [ECF No. 25]. Plaintiffs do not oppose this motion. In support, Defendant states as follows.

**Background**

1. On October 22, 2026, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction. [ECF No. 2].

2. On October 29, 2026, after a hearing at which both parties appeared, the Court granted a temporary restraining order. [ECF No. 20].

3. On November 6, 2026, the Court entered an Order extending the temporary restraining order through November 26, 2026, at 4:00 p.m., or until the Court rules on the request for

a preliminary injunction, whichever is earlier. [ECF No. 25]. The Court relied on Federal Rule of Civil Procedure 65(b)(2) and found good cause. *See* Fed. R. Civ. P. 65(b)(2).

4. The same Order set a preliminary injunction hearing for November 16, 2026 at 1:00 p.m. in Charleston, with counsel for both parties to appear in person. [ECF No. 25 ¶ 1]. It also set deadlines for Plaintiffs' supplemental memorandum and evidence (November 9, 2026), Defendant's opposition and evidence (November 12, 2026), Plaintiffs' reply (November 13, 2026), and witness and exhibit lists and cross-examination requests (November 14, 2026). [ECF No. 25 ¶¶ 3–6].

**Grounds for the Motion**

5. Prior to the entry of the Court's November 6, 2026 Order, the parties conferred to discuss an agreed resolution of this matter which, if finalized, would result in the withdrawal of the Attorney General's investigative subpoena, among other things. The Defendant agreed to provide a written proposal to the Plaintiffs no later than November 9, 2026.

6. Both parties wish to have time to pursue that resolution in good faith, without the potentially unnecessary expenditure of party and judicial resources related to the upcoming deadlines and hearing.

7. Further, undersigned counsel for Defendant is counsel in a criminal jury trial before this Court set to begin on November 17, 2026. *United States v. Aguirre, et al.*, No. 2:26-CR-00010. The preliminary injunction hearing is set for the day before that trial begins. Preparing for and participating in a substantial evidentiary hearing on November 16 would limit counsel's ability to prepare the defense of the criminal defendant. Defendant raises this scheduling conflict solely as a practical matter.

8. Rule 65(b)(2) provides that a temporary restraining order expires at the time the court sets, not to exceed 14 days, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). The "adverse party" is the party restrained by the order; here, the Defendant. Defendant consents to the longer extension requested in this motion. In addition, Plaintiffs have authorized Defendant to represent that they do not oppose this motion, including the extension of the temporary restraining order and the continuance of the hearing and briefing deadlines. Good cause also independently supports the requested extension for the reasons stated above. *See* Fed. R. Civ. P. 65(b)(2).

9. The requested relief preserves the status quo. Plaintiffs remain protected by the temporary restraining order during the extension, and they do not oppose it. No party is prejudiced. Granting this motion conserves the resources of the Court and the parties while the parties attempt to resolve the case.

10. Defendant's consent to the extension of the temporary restraining order is given to permit settlement discussions to proceed. It is not an admission of any kind. It does not waive any defense, objection, or argument, including as to the merits, justiciability, or the scope of any relief.

11. Because Plaintiffs' first deadline under the November 6, 2026 Order falls on Monday, November 9, 2026, Defendant respectfully asks the Court to rule on this motion at its earliest convenience.

12. Defendant does not ask the Court to modify paragraphs 7 or 8 of the November 6, 2026 Order.

WHEREFORE, Defendant respectfully requests that the Court: (a) extend the temporary restraining order through December 17, 2026 at 4:00 p.m., or until further order of the Court; (b) vacate the November 16, 2026 hearing and the deadlines set in paragraphs 3 through 6 of the November 6, 2026 Order; (c) direct the parties to file a joint status report no later than November 16, 2026 reporting on the status of their negotiations and stating whether they believe a new hearing date and briefing deadlines are necessary and, if so, proposing a schedule; and (d) grant such other relief as the Court deems just.

Dated: November 7, 2026

JOHN B. MCCUSKEY, in his official capacity
as Attorney General of West Virginia,
By counsel,

Zachary A. Viglianco (WVSB No. 12579)
Director of Strategic Litigation
Office of the Attorney General
State Capitol Complex
1900 Kanawha Blvd., East
Charleston, WV 25305
Telephone: (304) 558-2021
zviglianco@wvago.gov

/s/ Ryan McCune Donovan
Ryan McCune Donovan (WVSB No. 11660)
Special Assistant Attorney General
Hissam Forman Donovan Ritchie PLLC
700 Virginia St. East, Suite 210
Charleston, WV 25301
Telephone: (681) 265-3802
rdonovan@hfdrlaw.com

**CERTIFICATE OF SERVICE**

I certify that on November 7, 2026, the foregoing motion was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Derek Teaney
Amanda Demmerle
Appalachian Mountain Advocates, Inc.
P.O. Box 507
Lewisburg, WV 24901
dteaney@appalmad.org
ademmerle@appalmad.org

/s/ Ryan McCune Donovan
Ryan McCune Donovan (WVSB No. 11660)