State of West Virginia
Office of the Attorney General

John B. McCuskey
Attorney General

Phone: (304) 558-2021
Fax: (304) 558-0140

November 20, 2026

**VIA ELECTRONIC MAIL**

Derek Teaney, Esq.
Amanda Demmerle, Esq.
Appalachian Mountain Advocates, Inc.
*dteaney@appalmad.org*
*ademmerle@appalmad.org*

**Re: *West Virginia Rivers Coalition, Inc., et al. v. McCuskey*, Civil Action No. 2:26-cv-00679 (S.D. W. Va.): Withdrawal of Investigative Subpoenas, Closure of Investigations, and Commitment of the Office of the Attorney General**

Dear Counsel:

I write to inform your clients, West Virginia Rivers Coalition, Inc. ("WV Rivers") and 350.org (together, the "Organizations"), of actions I have taken as Attorney General on behalf of the Office of the Attorney General of West Virginia (the "Office"). These actions are effective immediately. They are final. They are not conditioned on any action by the Organizations, by their counsel, or by the Court.

1. **Withdrawal of the Subpoenas**

I hereby withdraw and rescind, in their entirety, the investigative subpoenas dated September 16, 2026, issued by this Office to WV Rivers and to 350.org under W. Va. Code § 46A-7-104(1) (the "Subpoenas"). This withdrawal covers every part of the Subpoenas, including:

- all sixteen numbered demands and their subparts;
- all definitions, including "Climate Claim," "Identified Claim," "WV Energy Business," "Published," "Pertaining," and "West Virginia Recipient";
- all instructions, including Instruction 9 and its privilege-log requirement; and
- the November 2, 2026 return date.

The Organizations have no obligation of any kind under the Subpoenas. The Office reserves no right to reissue the Subpoenas, in their original form or in any amended, narrowed, or modified form.

2. **Withdrawal of Prior Statements Regarding Future Enforcement**

My letter of October 26, 2026 referred to possible enforcement efforts related to the Subpoenas "or any similar, subsequently-issued" subpoenas. I withdraw that statement and disavow it. The Office will not issue any similar subpoena to either Organization. The commitments in Section 4 below control.

3. **Closure of the Investigations**

I have closed the investigations captioned *In re Investigation of West Virginia Rivers Coalition, Inc.* and *In re Investigation of 350.org* (the "Investigations"). The closure is effective immediately. I have directed my attorneys and staff to take no further investigative action of any kind in either matter.

4. **Irrevocable Commitment of the Office**

I have adopted a formal policy making the following commitment to the Organizations. The commitment is unconditional and irrevocable.

(a) **Protected persons.** The commitment protects each Organization and its current and former officers, directors, employees, members, volunteers, contractors, agents, affiliates, grantees, coalition partners, and funders (the "Protected Persons"), to the extent described in paragraphs (b) and (c).

(b) **Prohibited actions.** The Office will not issue, serve, or seek to enforce any of the following against any Protected Person concerning the Covered Subject Matter: (i) any subpoena, civil investigative demand, or other compulsory process; or (ii) any civil or administrative enforcement action or proceeding.

This prohibition applies under the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101 et seq., the Solicitation of Charitable Funds Act, W. Va. Code § 29-19-1 et seq., and any other statute, rule, or source of authority.

(c) **Covered Subject Matter.** "Covered Subject Matter" means:

(i) any statement, publication, solicitation, comment, testimony, or other communication by a Protected Person, made on or before the date of this letter, concerning a connection between greenhouse gas emissions from fossil fuels and changes in climate, weather, or extreme weather events, or their effects on health, the economy, or West Virginia energy businesses. This includes any use of, reliance on, or description of the RCP8.5 or SSP5-8.5 emissions scenarios and any climate or weather event attribution; and

(ii) the categories of information sought in the Subpoenas. These include funding received or provided, grantees, board and staff affiliations, coalition and third-party communications and

coordination, agency submissions and testimony, charitable solicitations, internal deliberations, drafts, and models, studies, and data.

(d) **Binding effect.** This commitment is an act of the Office, not a personal undertaking. It binds the Office and all of its current and future officers, employees, and agents acting on its behalf. The policy has been entered in the Office's official records and distributed to relevant attorneys and staff.

(e) **Revocation.** The Office will not amend or rescind the policy.

(f) **Enforceability.** This commitment runs in favor of the Organizations and the other Protected Persons. If the Office issues, serves, or seeks to enforce any compulsory process, or brings any enforcement action, in violation of this commitment, the Office agrees that any Protected Person may assert this commitment as a complete defense and as grounds to quash or dismiss in any forum. The Office further agrees not to contest the authenticity or binding effect of this commitment in any such proceeding

5. **Materials Produced**

Neither Organization produced any documents or information in response to the Subpoenas. The Office holds no materials obtained from either Organization through the Subpoenas or the Investigations.

6. **Basis for These Actions**

I have taken these actions after considering the Office's enforcement priorities and the allocation of its resources. They reflect a final decision by this Office to end the Investigations and not to pursue the Covered Subject Matter against the Protected Persons. If necessary, I will confirm these actions in a sworn declaration to be filed with the Court.

The Attorney General is the Chief Law Enforcement Officer of this State and therefore has a solemn duty to enforce West Virginia law and look out for the interests of West Virginia citizens and consumers. I take that duty seriously. I also believe wholeheartedly in the First Amendment. The WVCCPA is an important West Virginia statute, and my Office will continue to vigorously enforce it. But in a contest between even the most essential statutory protection and the Constitution, the Constitution must always prevail.

I have directed my subordinates to employ the utmost care and discernment in all future CCPA enforcement efforts, so that my duty to enforce West Virginia law does not implicate the constitutional rights of your clients or anyone else.

7. **Proposed Dismissal**

Because the Subpoenas have been withdrawn, the Investigations have been closed, and the Office has made the irrevocable commitment described above, no live controversy remains. I ask that your clients agree to a stipulation of dismissal without prejudice, with each party bearing its own attorney's fees and costs. If your clients do not agree by November 25, 2026, the Office intends to move to dismiss the action as moot.

If your clients believe this letter leaves any issue related to the subpoenas unresolved, please identify it in writing by November 23, 2026, so the Office can consider it.

Sincerely,

/s/ John B. McCuskey
Attorney General of West Virginia